IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **04-cv-02685-REB-MJW**

ANN PARKER,

Plaintiff,

v.

RANDALL S. PIPER, et al.,

Defendants.

---

**RECOMMENDATIONS ON
DEFENDANTS' JOINT MOTION FOR SANCTIONS PURSUANT TO F.R.C.P. [sic]
37(d) AND INVOLUNTARY DISMISSAL PURSUANT TO F.R.C.P. [sic] 41(b)
(Docket No. 71),
DEFENDANTS' SUPPLEMENT TO JOINT MOTION FOR SANCTIONS PURSUANT
TO F.R.C.P. [sic] 37(d) AND INVOLUNTARY DISMISSAL PURSUANT TO F.R.C.P.
41(b) (Docket No. 86), and
DEFENDANTS' SECOND SUPPLEMENT TO JOINT MOTION FOR SANCTIONS
PURSUANT TO F.R.C.P. [sic] 37(d) AND INVOLUNTARY DISMISSAL PURSUANT
TO F.R.C.P. [sic] 41(b)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference to United States

Magistrate Judge issued by District Judge Robert E. Blackburn on January 3, 2005

(Docket No. 3), and an Amended Order of Reference to United States Magistrate Judge

issued on January 5, 2006 (Docket No. 95).  Now before the court are the Defendants'

Joint Motion for Sanctions Pursuant to F.R.C.P. [Sic] 37(d) and Involuntary Dismissal

Pursuant to F.R.C.P. [Sic] 41(b) (Docket No. 71), the Defendants' Supplement to Joint

Motion for Sanctions Pursuant to F.R.C.P. [Sic] 37(d) and Involuntary Dismissal

2

Pursuant to F.r.c.p. 41(b) (Docket No. 86), and the Defendants' **Second Supplement**

to Joint Motion for Sanctions Pursuant to F.R.C.P. [Sic] 37(d) and Involuntary Dismissal

Pursuant to F.R.C.P. [Sic] 41(b) (Docket No. 108).

Plaintiff, through counsel, commenced this action on December 29, 2004.

(Docket No. 1).

On August 12, 2005 (Docket No. 33), plaintiff's counsel moved to withdraw.  That

motion was granted by this court on September 9, 2005 (Docket No. 40), and the

plaintiff was directed to retain new legal counsel forthwith or be prepared to proceed

pro se on all future motions, hearings, and trial.  (Docket No. 40).  In addition, a status

conference was set for October 13, 2005, at 10:00 a.m. at which the plaintiff was

directed to be present in person with or without new legal counsel.  (Docket No. 40).  At

3:21 p.m. on October 12, 2005, the pro se plaintiff filed a letter to the court by facsimile

in which she advised that she would be representing herself and requested that the

court stay the October 13 hearing for a list of reasons.  (Docket No. 49).  By Minute

Order dated October 12, 2005, this court granted the plaintiff's motion to the extent that

the pro se plaintiff was permitted to attend the October 13, 2005, status conference by

telephone.  (Docket No. 51).  Plaintiff was advised of that ruling by telephone by my

chambers.  Plaintiff then fax-filed an October 12, 2005, letter to Judge Blackburn

suggesting that the undersigned grant plaintiff's request for a temporary stay of the

telephonic status conference set the following morning.  Despite that letter, plaintiff

participated in the telephone status conference (See Docket No. 54).

During that conference, defense counsel advised that the plaintiff failed to

appear for the IME by dermatologist Dr. Stewart that was scheduled for the previous

day.  This court thus ordered that the IME was to be reset forthwith.  Plaintiff was

placed on notice that should she fail to appear for any future court appearances or

depositions, she may be subject to sanctions.  The court also set the plaintiff's

deposition for November 9, 2005, at 1:00 in Ms. Chaney's office in Denver.  Plaintiff

was then again reminded that should she fail to appear for her deposition, it could

result in sanctions against her, including attorney fees.  Finally, plaintiff was directed to

file her response to the Defendants' Motion for Extension of Time (Docket No. 42) on or

before October 20, 2005.  (Docket No. 54 - Courtroom Minutes).  Plaintiff timely filed a

response to that motion.  (Docket No. 57).

Five days **after** her deposition was set to be taken, the plaintiff moved to, among

other things, reschedule that deposition.  (Docket No. 65).  That motion was denied as

moot.  (Docket No. 67).  Defendants then filed the instant motion for sanctions (Docket

No. 71).  Counsel note in their motion that at the October 13 status conference, the

plaintiff agreed to the date and time of her deposition and was placed on notice that

should she failed to appear for any future court appearances or depositions, she may

be subject to sanctions and was then again reminded during the conference that should

she fail to appear for her deposition, it could result in sanctions against her, including

attorney fees.  (Docket No. 71, Ex. A).  Defendants then sent the plaintiff of a Notice of

Video Deposition (Docket No. 71, Ex. B).  However, on the afternoon of November 8,

2005, the plaintiff contacted defense counsel and stated she most likely would not

attend her deposition the following morning, stating that she did not have transportation

4

and could not leave her elderly employer.  (Docket No. 71 at ¶ 7).  Based upon the plaintiff's failure to appear at her deposition, defendants seek the involuntary dismissal of this action with prejudice pursuant to Fed. R. Civ. P. 41(b) and as a sanction pursuant to Fed. R. Civ. P. 37(d).  They also seek an award of expenses and attorney fees incurred as a result of the plaintiff's failure to attend her deposition.  Plaintiff was directed by this court to file a response to the defendant's motion on or before December 14, 2005.  (Docket No. 81).

Thereafter, on December 12, 2005, the defendants filed a Supplement to Joint Motion for Sanctions Pursuant to F.R.C.P. [sic] and Involuntary Dismissal Pursuant to F.R.C.P. 41(b)  (Docket No. 86).  In that submission, defendants state that the plaintiff was originally scheduled to attend an IME with a dermatologist on October 12, 2005, but the plaintiff neither attended nor provided advance notice that she would not attend.  As a result, the defendants were forced to pay the whole fee for the examination.  The IME was then scheduled for December 2, 2005, with the same dermatologist, and plaintiff was provided with notice.  (Docket No. 86, Ex. A).  During the court's hearing on December 6, 2005, the plaintiff admitted that she received notice of this rescheduled IME.  Nevertheless, once again the plaintiff neither attended nor provided advance notice that she would not attend, so the defendants were once again forced to pay the whole fee for the examination.  Defendants thus once again seek the involuntary dismissal of this action due to the plaintiff's continuing failure to comply with the court's previous orders and rules of civil procedure.

The pro se plaintiff then moved to stay the defendants' supplement to the joint

motion for sanctions and to stay the defendants' request for involuntary dismissal.

(Docket No. 91).  Plaintiff claimed that she needed an opportunity to purchase and

review the transcripts of the December 6, 2005, requested a copy of documents

reflecting what the defendants paid for the IME exams (which plaintiff stated she "was

unable to get to because of [her] obligations to Mrs. Kuenning and [her] lack of

transportation"), requested a copy of all documents that reflect all funds expended in

this case, and advised that she had several attorneys who were willing to review the

transcripts, expenditures, motions she had filed, and the information her prior counsel

had in the case.  (Docket No. 91).

This court found no basis in law or in fact for the relief sought by the plaintiff, so

her motion was denied by Minute Order filed January 18, 2006.  (Docket No. 101).  The

court noted in that Minute Order that the plaintiff had had since December 6, 2005, to

obtain a copy of the hearing, that a CD of such hearing could be prepared in less than

10 minutes for the plaintiff upon request and payment, but as of the date of that order,

no request had been made by the plaintiff.  The court set the Defendants' Joint Motion

for Sanctions Pursuant to F.R.C.P. 37(d) and Involuntary Dismissal Pursuant to

F.R.C.P. 41(b) (docket no. 71) for hearing on February 1, 2006, at 10:00 a.m.

Pursuant to an Order to Show Cause issued on January 11, 2006 (Docket No.

100), a Show Cause Hearing was also set for February 1, 2006, at 10:00 a.m.  In that

Order to Show Cause, this court noted that in the Scheduling Order (Docket No. 19),

this court, among other things, set a Pretrial Conference in this matter for January 9,

2006, at 8:30 a.m.  (Docket No. 18 - Courtroom Minutes/Minute Order; Docket No. 19 at

6

7).  The parties were directed at the Scheduling Conference and in the Scheduling

Order to submit a proposed Final Pretrial Order five days before the hearing date.

(Docket No. 18 at 2; Docket No. 19 at 7).  Plaintiff was still represented by counsel at

the time of the Scheduling conference, but as noted above, her counsel subsequently

moved to withdraw (Docket No. 33).  In the motion to withdraw, plaintiff's counsel

specifically noted that the plaintiff had been provided with a copy of the Scheduling

Order.  Therefore, in the Order to Show Cause this court found that the plaintiff was

provided notice of the January 9, 2006, conference.  Nevertheless, the plaintiff failed to

appear, did not move for a continuance of the conference, and did not even telephone

the court at the time set for the conference.  The court noted in the Order to Show

Cause that the weather in Denver on January 9, 2006, 8:30 a.m. was sunny and clear,

and the roads were clear.  Defense counsel appeared for the conference.

        In the Order to Show Cause (Docket No. 100), this court cited the relevant

language of Fed. R. Civ. P. 16(f), 37(b)(2)(B), (C), and (D), and 41(b), and directed the

plaintiff to appear in person for the show cause hearing at which she was to show

cause (a) why this case should not be dismissed pursuant to Rules 16(f) and/or 41(b)

for failure to prosecute, failure to appear, and failure to comply with court orders and

why she should not be directed to pay the reasonable expenses incurred, including

attorney fees, by the defendants for plaintiff's failure to appear at the January 9, 2006,

proceeding.  In addition, she was directed to show cause why she should not be

sanctioned for failing to submit a proposed final pretrial order as directed by this court.

        On February 1, 2006, at the time set for the conference/show cause hearing,

defense counsel appeared as directed and had previously submitted a proposed Final

Pretrial Order without input from the pro se plaintiff.  Plaintiff, however, failed to appear

in person, and the court contacted her by telephone.  The court then continued the

conference/show cause hearing to 1:30 that afternoon, advising the plaintiff that should

she fail to appear, her case would be subjected to dismissal.  The court reconvened at

1:30 p.m., but once again, the plaintiff failed to appear.  The court thus vacated the

Final Pretrial Conference and continued it to February 28, 2006, at 2:30 p.m.  The

parties were directed to submit their proposed Final Pretrial Order by February 23,

2006, and the plaintiff was ordered to provide her portions of that proposed order to

defense counsel by February 13, 2006.  In addition, the plaintiff was ordered to file any

response to the Defendants' Joint Motion for Sanctions Pursuant to F.R.C.P. [Sic] 37(d)

and Involuntary Dismissal Pursuant to F.R.C.P. [Sic] 41(b) (Docket No. 71) by

February 13, 2006.  (See Docket No. 104 - Courtroom Minutes/Minute Order).

On February 13, 2006, the plaintiff fax filed a motion asking for seven more days

to respond to the defendants' motion "to peruse the FRCP [sic] for defenses that will

justify my requests to permanently stay the" defendants' motion.  (Docket No. 105).

That motion was granted by this court by Minute Order dated February 14, 2006, with

the following notation: "**NO FURTHER EXTENSIONS WILL BE GRANTED.**

Defendants' motion was filed almost three months ago.  Plaintiff has [had] more than

adequate time to prepare and file a response."  (Docket No. 107) (emphasis in

original).  Despite that clear language, on the date plaintiff's response was due, plaintiff

fax filed yet another request for an extension (Docket Nos. 110 and 111).  Plaintiff's

motion for an extension was denied by this court which found that the plaintiff failed to demonstrate good cause for such extension and that this court had given the plaintiff more than adequate time to respond to the defendants' motion.  (Docket No. 112).

In the meantime, on February 14, 2006, the defendants filed their **<u>Second</u>** **<u>Supplement</u>** to Joint Motion for Sanctions Pursuant to F.R.C.P. [Sic] 37(d) and Involuntary Dismissal Pursuant to F.R.C.P. [Sic] 41(b) (Docket No. 108).  In that document, the defendants note that the plaintiff failed to comply with this court's February 1, 2006, order directing plaintiff to provide defendants with her portions of the proposed Final Pretrial Order by February 13, 2006, and that she had not contacted the defendants at all.  Thus, "[d]ue to Plaintiff's continuing failure to comply with the Court's orders and rules of civil procedure, Defendants move for the involuntary dismissal of this action" with prejudice pursuant to Fed. R. Civ. P. 41(b) and for an order awarding sanctions against plaintiff.  (Docket No. 108 at ¶ 3 and p. 2).

The Final Pretrial Conference was once again reset, this time to March 28, 2006, at 1:30.  Plaintiff was ordered to provide to defense counsel her contributions to the proposed Final Pretrial Order no later than March 22, 2006.  The parties were directed to appear in person for this conference.  (Docket No. 115).   Despite those clear directives, at 1:31 p.m. on March 28, 2006, plaintiff fax filed a motion to reschedule the conference with a lengthy, outlandish recitation about her adult son who was purportedly missing.  (Docket No. 116).[1]  The court called the case at 1:38 p.m., with

---

[1]After the motion was ruled on by this court, plaintiff supplemented her motion. (Docket No. 120).  Her motion and supplement were forwarded by this court to the FBI based upon plaintiff's concerns about her adult son being missing.

9

defense counsel present in the courtroom as directed.  (Docket No. 118).  Plaintiff then

telephoned the court, stating that she believed her son had been missing for two

weeks, and she could not focus on anything else.  She advised the court of her motion

that had just been faxed to the court.  The court recessed to obtain the plaintiff's motion

and reconvened at 2:17 p.m.  The plaintiff again appeared by telephone.  The court

granted the plaintiff's motion in part and denied it in part.  The motion was granted in

that the conference was reset to May 3, 2006, at 3:00 p.m.  The court further directed

that the proposed Final Pretrial Order was to be submitted by April 28, 2006, with

plaintiff providing her input to defense counsel by April 17, 2006.  Plaintiff was once

again warned that should she fail to comply with any of the court's orders, she may be

subject to sanctions, including dismissal of her lawsuit.  Furthermore, the court advised

the parties that "[a]bsent exceptional circumstances, no request for rescheduling any

appearance in this court will be entertained unless a written request is made FIVE (5)

business days in advance of the date of appearance."  (Docket No. 118 - Courtroom

Minutes/Minute Order).

Defendants then moved to reconsider the order granting the motion to

reschedule the Final Pretrial Conference and also moved for a forthwith ruling on the

motions for sanctions and dismissal.  (Docket No. 121).  That motion was granted in

part and denied in part.  The motion was denied as to reconsideration of the date for

the Final Pretrial Conference, which remained set for May 3, 2006, at 3:00 p.m.  The

plaintiff was again ordered to forthwith provide defense counsel with her portions of the

proposed Final Pretrial Order.  Plaintiff was once again warned in that Minute Order

10

"that failure to comply with [that] Order may result in sanctions including dismissal of her lawsuit." (Docket No. 123). The motion was granted insofar as the court stated that it would take action on the pending Joint Motion for Sanctions and would issue a separate ruling on such motion. (Docket No. 123).

Defendants submitted their proposed Final Pretrial Order on which defense counsel notes that a draft of that proposed order was submitted to plaintiff for input and comments, but as of 12 noon on April 28, 2006, counsel had not received a response from the plaintiff. (Docket No. 125).

On May 3, 2006, plaintiff once again failed to appear for the Final Pretrial Conference even though the roads were clear and the buses were operating. Plaintiff did not telephone the court at the time of the court or move for a continuance. The Final Pretrial Order tendered by the defendants was approved by this court. (Docket No. 127).

**Discussion**

Rule 16(f) of the Federal Rules of Civil Procedure provides in relevant part:

> . . . [i]f no appearance is made on behalf of a party at a . . . pretrial conference . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge **shall** require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f) (emphasis added). Rule 37(b)(2)(B), (C), and (D), which is

11

referenced in Rule 16(f), permits the following sanctions:

> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;

> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or **dismissing the action or proceeding** or any part thereof, or rendering a judgment by default against the disobedient party;

> (D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(B), (C), (D) (emphasis added).

Furthermore, Rule 41(b) provides in pertinent part:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.  Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule . . . operates as an adjudication upon the merits.

Fed. R. Civ. P. 41(b).

"[D]ismissal represents an extreme sanction appropriate only in cases of willful misconduct."  Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992).  "Before choosing dismissal as a just sanction, a court should ordinarily consider a number of factors, including: '(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant,' . . . (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance."  Id. at 921.  Since the plaintiff is appearing pro se, this court has "assess[ed] whether it might appropriately impose some sanction other

12

than dismissal, so that the party does not unknowingly lose its right to access to the courts because of a technical violation." Id. at 920 n.3.

The court has considered all of the above factors and finds that dismissal of this case, although an extreme sanction, is warranted in this case as it is very evident to this court that the plaintiff has no intent to prosecute this action.     Defendant has been greatly prejudiced by the plaintiff's failure to prosecute this action.  Plaintiff has failed to appear at her deposition and her two scheduled IMEs.  She did not provide defense counsel with advance notice that she would not be attending her IMEs, and, therefore, defendants had to pay for both exams that did not take place.  Plaintiff has not provided defendant with a list of witnesses or exhibits, and she has not responded as to whether she will stipulate to the admission of any of the defendants' exhibits. This action was commenced over sixteen months ago, yet the plaintiff has essentially done nothing on this case.  The plaintiff's repeated non-appearance at court hearings and failure to prepare her case for trial, which is set for May 22, 2006, has obviously interfered with the judicial process.   Plaintiff, who is acting pro se, is culpable for her repeated failure to appear and failure to prosecute this matter.  As set forth above, the court, both orally and in writing, has repeatedly warned the plaintiff of the consequences of failing to appear and failing to prosecute, including dismissal of this action.

This court has bent over backwards to permit the plaintiff to prosecute this case. The court has repeatedly reset conferences on dates and at times plaintiff claimed were convenient for her.  In addition, given plaintiff's claim of lack of transportation to

13

Denver, this court even provided plaintiff with a bus schedule for buses coming from Colorado Springs to right near the court house.  Nevertheless, plaintiff failed to appear in person on four occasions for the Final Pretrial Conference.  She did not even bother to call the court for the first conference (January 9, 2006).  When the plaintiff failed to appear for the second conference (February 1, 2006), the court placed a call to the plaintiff and then reset the conference to later in the day for plaintiff to travel to Denver, yet she still failed to appear.  With regard to the third attempt at conducting the conference, plaintiff faxed a motion to continue just as the conference was being called by the court, and she then telephoned the court after the conference began.  Plaintiff obviously was not prepared to proceed with the conference at that time.   Plaintiff did not even bother to call to participate in the conference on May 3, 2006.  In contrast, defense counsel appear for all scheduled appearances.

        In addition, despite repeated court orders, plaintiff did not provide defendants with her portions of the proposed Final Pretrial Order, and she did not even contact defense counsel.  Furthermore, she has never filed a response to the Defendants' Joint Motion for Sanctions Pursuant to F.R.C.P. [Sic] 37(d) and Involuntary Dismissal Pursuant to F.R.C.P. [Sic] 41(b), which was filed over five months ago.  As noted above, plaintiff also failed to appear for the two IMEs scheduled by the defendants and did not bother to advise defense counsel in advance that she did not intend to appear, thereby forcing defendants to pay for the two exams that never took place.  In addition, plaintiff has yet to be deposed, having twice failed to appear.  (See Docket No. 121 at ¶ 9).

14

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the Defendants' Joint Motion for Sanctions Pursuant to

F.R.C.P. [Sic] 37(d) and Involuntary Dismissal Pursuant to F.R.C.P. [Sic] 41(b) (Docket

No. 71) as supplemented (Docket Nos. 86 and 108), be granted.  It is further

**RECOMMENDED** that this action be dismissed with prejudice pursuant to Fed.

R. Civ. P. 16(f) and/or 41(b).  In addition, it is

**RECOMMENDED** that the plaintiff be further sanctioned by being directed (1) to

pay the defendants' IME expenses and their reasonable expenses incurred, including

attorney fees, as a result of plaintiff twice failing to attend her noticed deposition, (2) to

pay the defendants' reasonable expenses, including attorney fees, incurred due to

plaintiff's repeated failure to appear for the Final Pretrial Conference unless it is found

that other circumstances make an award of expenses unjust, and (3) to pay the

defendants' reasonable attorney fees and expenses for having to file the instant motion

and supplements.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the**

**parties have ten (10) days after service of this recommendation to serve and file**

**written, specific objections to the above recommendation with the District Judge**

**assigned to the case.  The District Judge need not consider frivolous, conclusive,**

**or general objections.  A party's failure to file and serve such written, specific**

**objections waives *de novo* review of the recommendation by the District Judge,**

**Fed. R. Civ. P. 72(b), <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives**

**appellate review of both factual and legal questions.  <u>Makin v. Colorado Dep't of</u>**

15

**Corrections**, 183 F.3d 1205, 1210 (10th Cir. 1999); **Talley v. Hesse**, 91 F.3d 1411,

1412-13 (10th Cir. 1996).


Date:  May 4, 2006                    s/ Michael J. Watanabe
       Denver, Colorado              Michael J. Watanabe
                                     United States Magistrate Judge